<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

EDWARD HOLLAND,                           :     **CIV. NO. 16-3014 (RMB)**
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :     **OPINION**
                                          :
RAYMOND JACOBS,                           :
JOSEPH HOYDIS,                            :
ROBERT BERNARD,                           :
Ms. WHILLING,                             :
                                          :
            Defendants.                   :

**RENÉE MARIE BUMB**, U.S. District Judge

     This matter comes before the Court upon Plaintiff's submission of a civil rights complaint under 42 U.S.C. § 1983, and his application to proceed in forma pauperis. (Compl., ECF No. 1; IFP App., ECF No. 1-1.) Plaintiff is a prisoner confined in South Woods State Prison. (Id., ¶3.)

I.    IFP APPLICATION

     28 U.S.C. § 1915(a) provides that a prisoner seeking to bring a civil action without prepayment of fees shall submit an affidavit indicating the person is unable to pay such fees, and shall also "submit a certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing of

1

the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff's IFP application is missing the certification by a prison official (page 3 of the form application), and the application will be denied without prejudice.

II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

The Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A.[1] The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

III. DISCUSSION

A.   The Complaint

Plaintiff alleges the following in his Complaint. On August 6, 2010, Plaintiff was arrested and imprisoned based on a false warrant, causing him to spend seven years in state prison. (Compl., ¶6.) Defendant Joseph Hoydis of the Millville, New Jersey Police Department provided false information. (Compl., 4(b)). Plaintiff

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he pays the filing fee or properly obtains in forma pauperis status. See Izquierdo v. New Jersey, 532 F. App'x 71 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

2

also named as defendants Raymond Jacobs, a sergeant for the state police; Robert Bernard, of the Cumberland County Prosecutor's Office; and Ms. Whilling, also of the Cumberland County Prosecutor's Office. (Id., 4(c), (d)). Plaintiff did not specify what these three defendants did to violate his civil rights. Plaintiff stated:

> There was unlegal [sic] paperwork and false documents file [sic] on Mr. Edward B. Holland. The Defendants file Application of false search warrant for drugs, but the warrants all of them was tamper [sic] with and not done for the truth, all of the Public Servant Worker's submitted wrongness of filing false document and papers of warrant and stated on records of transcripts of false information which sent Mr. Edward B. Holland to Prison for 7 – seven years.

(Compl., ¶6.) Plaintiff has appeals pending regarding his claims of false imprisonment and false information. (Compl., ¶5.)

B.   Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

C.   Claims Under 42 U.S.C. § 1983

"[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d. Cir. 2009). Liberally construing the Complaint, Plaintiff is alleging violation of his right against unreasonable seizure under the Fourth Amendment of the United States Constitution.

4

1.   <u>False Arrest</u>

To state a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must allege "(1) that the police officer 'knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" <u>Wilson v. Russo</u>, 212 F.3d 781, 786-87 (quoting <u>Sherwood v. Mulvihill</u>, 113 F.3d 396, 399 (3d Cir. 1997)). Plaintiff failed to plead sufficient facts to establish a false arrest claim against the defendants because he did not allege who made the false statements in support of the search warrant, what the false statements were, and that the false statements were necessary to the finding of probable cause. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008) ("[f]air notice under Rule 8(a)(2) depends on the type of case—some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

2.   <u>False Imprisonment</u>

A false imprisonment claim based on an arrest made without probable cause is grounded in the Fourth Amendment's protection against unreasonable seizures. James v. City of Wilkes-Barre, 700 F.3d 675, 683 (3d Cir. 2012) (citing Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)). The elements of a false imprisonment claim under § 1983 are that a person was detained, and the detention was unlawful. James, 700 F.3d at 682-83 (citing Wallace v. Kato, 549 U.S. 384, 389 (2007)). A false imprisonment ends when once the victim becomes held pursuant to legal process, for example when he is arraigned on charges. Wallace v. Kato, 549 U.S. 384, 389 (2007).

As with his false arrest claim, Plaintiff has not alleged facts indicating what each defendant did to detain him without legal process.

### 3.   Malicious Prosecution

Although Plaintiff has not specifically raised a claim of malicious prosecution, he has named as defendants two individuals from the Cumberland County Prosecutor's Office. Plaintiff has not identified whether Defendants Robert Bernard or Ms. Whilling are prosecutors or whether they served some other role in the prosecutor's office. Plaintiff should be aware that absolute immunity applies when a prosecutor is engaged in activities intimately associated with the judicial phase of the criminal

process, including the decision to initiate a prosecution. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 423-24, 430 (1974.)

Plaintiff should also be aware that favorable termination is a necessary element of a malicious prosecution claim. <u>See</u> <u>Kossler v. Crisanti</u>, 564 F.3d 181, 186 (3d Cir. 2009). The favorable termination element is satisfied only when the prior criminal case is disposed of in a way that indicates the innocence of the accused. <u>Id.</u> at 187 (citing <u>Donahue v. Gavin</u>, 280 F.3d 371, 383 (3d Cir. 2002); <u>see</u> <u>also</u> <u>Gilles v. Davis</u>, 427 F.3d 197, 211 (3d Cir. 2005). In the Complaint, Plaintiff alleged he spent seven years imprisoned upon false arrest, and his appeals are still pending. It would appear that Plaintiff cannot meet the favorable termination element of a malicious prosecution claim at this time.

D.   <u>Heck v. Humphrey, 512 U.S. 477 (1994)</u>

Petitioner filed this action after he was convicted and sentenced based on allegedly false information. In <u>Heck v. Humphrey</u>, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

> or called into question by a federal court's
> issuance of a writ of habeas corpus.

512 U.S. at 486. Based on the limited information alleged in Plaintiff's Complaint, it appears that success on his claims would render his conviction invalid. Therefore, the Court would be required to dismiss his false arrest and false imprisonment claims without prejudice until Plaintiff can prove that his conviction has been reversed, expunged, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus.

IV.  CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will deny Plaintiff's IFP application without prejudice and administratively terminate this action. If Plaintiff chooses, he may reopen this action by curing the deficiency in his IFP application. In the unlikely event that Plaintiff can cure the deficiencies in the present complaint, he will be permitted to file an amended complaint.

s/RENÉE MARIE BUMB_____
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

**DATE JULY 15, 2016**

8